# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0456, <u>E.G. v. A.G.</u>, the court on April 7, 2023, issued the following order:**

On February 24, 2023, we remanded for the limited purpose of having the trial court clarify which specific acts it found to have constituted the "course of conduct" for purposes of RSA 633:3-a, I(a) (Supp. 2022), and whether it relied on allegations in the petition, which the defendant had not provided in his appendix, for which there was no testimony at trial. We otherwise retained jurisdiction over the appeal. On March 13, 2023, the Trial Court (<u>Cross</u>, J.), issued its order on remand, stating as follows:

> After review of the record, the court finds that the evidence submitted at trial did not establish a course of conduct. Although the plaintiff alleged in the stalking petition that the defendant entered her property on two separate occasions, on June 18 and June 25, 2022 "to fix a thermostat issue and bathroom fan issue," she did not, in fact, offer testimony about those incidents. The court erred and should have denied the final order and failing that, it should have granted the defendant's Motion to Reconsider.

Under the circumstances, we have no occasion to decide whether a trial court may rely upon sworn allegations in a civil stalking petition for which there was no testimony offered at trial in finding a course of conduct, an issue raised by the defendant in his brief. We vacate the final order of protection issued by the trial court in this case.

<u>Vacated</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**
